UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-00395-TBR

ARGONAUT-MIDWEST INSURANCE COMPANY                    Petitioner

v.

LAWRENCE JOHNSON, *et al*.                            Defendants

### MEMORANDUM OPINION

This matter is before the Court upon Defendants' motion to dismiss. (Docket #6). Petitioner has responded. (Docket #7). Defendant has replied. (Docket #8). These matters now are ripe for adjudication. For the reasons that follow, Defendants' motion to dismiss (Docket #6) will be GRANTED.

### BACKGROUND

This case arises from a motor vehicle accident that occurred when Lawrence Johnson's Silverado (the "Silverado") crossed the center line and struck a vehicle driven by Stacy Ellison, resulting in the death of Ellison. (Docket #6, Ex. 3). Johnson purchased the Silverado from Dad's Auto Sales, LLC ("Dad's Auto"), but legal title was not transferred to Johnson until after the accident. Ellison's estate filed a lawsuit against Johnson and Dad's Auto in Jefferson County Circuit Court. (Docket #6, Ex. 2). Through discovery, Ellison's estate learned that title was arguably held by Rockford Lane Auto Sales, Inc. ("Rockford Auto"), which purchased the car at auction and allegedly dealer-assigned title to Dad's Auto. (Docket #6). Ellison's estate filed a state action against

Rockford Lane as the legal owner of the vehicle at the time of the accident. (Docket #6, Ex. 3).

On September 7, 2011, Rockford Auto purchased the Silverado at auction. That same day, Rockford Auto allegedly dealer-assigned title to Dad's Auto. (Docket #1). On October 7, 2011, Dad's Auto sold the vehicle to Johnson. Johnson completed the paperwork necessary to transfer title to his name. However, before title was transferred, Johnson was involved in the accident with Ellison on December 2, 2011. (Docket #6).

Rockford Auto did not receive physical possession of the title until October 20, 2011. Rockford Auto transferred title to Dad's Auto on December 5, 2011, the day on which Dad's Auto paid for the vehicle. Title was transferred to Johnson on December 21, 2011. (Docket #6).

Petitioner Argonaut-Midwest Insurance Company ("Argonaut") issued a general liability insurance policy to Rockford Auto. Argonaut has filed this petition for declaratory judgment seeking to declare Rockford Auto properly transferred title to Dad's Auto, thereby relieving Argonaut of any duty to defend or indemnify Johnson, or alternatively, to declare that Johnson was not entitled to full liability limits. (Docket #1).

STANDARD

The Declaratory Judgment Act ("Act") states a federal court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. §2201(a). The Act is an enabling act that "confers a discretion on the courts" to act "rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (*quoting Public Serv. Comm'n of Utah v. Wycoff Co.,* 344 U.S. 237, 241

(1952)). In other words, the Act authorizes district courts to exercise jurisdiction, but does not impose a duty to do so. *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004); *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 276 (6th Cir. 1990) (*abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)). A district court may not decline jurisdiction, however, as a matter of whim or personal disinclination. *Mercier*, 913 F.2d at 277.

In determining whether the exercise of jurisdiction is proper, the Court must consider five factors:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata;' (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective. *Grand Trunk W. R. R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984).

In the determination of factor number four, three additional factors are considered:

> (1) whether the underlying factual issues are important to an informed resolution of the case; (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common law or statutory law dictates a resolution of the declaratory judgment action. *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000).

## DISCUSSION

### I. Settlement of the controversy and clarifying legal relations.

In insurance coverage cases, most courts consider the first two factors together because "it is almost always the case that if a declaratory judgment will settle the controversy, then it will clarify the legal relations in issue." *Scottsdale Ins. Co. v.*

*Flowers*, 513 F.3d 546, 555 (6th Cir. 2008). Confounding the analysis of these factors is the Sixth Circuit's acknowledgment that it created two lines of cases which, at first blush, appear at odds. *Id*. One line of cases approved of declaratory actions because they can "settle the insurance coverage controversy," while a second line of cases disapproved of declaratory actions because while they "might clarify the legal relationship between the insurer and the insured, they do not settle the ultimate controversy." *Id*. The Sixth Circuit explained that this incongruence results from the "different factual scenarios" that each line of cases presents. *Id*. "In the first line of cases, focusing just on the insurance controversy, a technical or legal issue is often at the heart of the coverage controversy, and to the extent the facts of the underlying case matter, they are undisputed." *Emplrs Ins. Co. v. Duro-Last Roofing, Inc.*, 2011 U.S. Dist. LEXIS 57218 *15 (E.D. Mich. 2011). "In the second line of cases, focusing on the controversy as a whole, resolution of disputed facts in the underlying case will also resolve the disagreement about coverage." *Id*; *Flowers*, 513 F.3d at 555 (collecting cases); *Grange Mut. Cas. Co. v. Safeco Ins. Co. of Am.*, 565 F. Supp. 2d 779, 786 (E.D. Ky. 2008). In other words, a declaratory judgment is proper if it "will only have to decide purely legal questions or engage in fact-finding that does not affect the parties in the underlying action." *Allstate Ins. Co. v. Renou*, 2014 U.S. Dist. LEXIS 100845 *34 (E.D. Mich. 2014); *Cincinnati Ins. Co. v. Richie Enters. LLC*, 2013 U.S. Dist. LEXIS 19380 *6 (W.D. Ky. 2013); *Secura Ins. Co. v. Gray Constr., Inc.*, 661 F. Supp. 2d 721, 726 (W.D. Ky., 2009).

In this case, Argonaut asks this Court to declare that Rockford Auto properly transferred title to Dad's Auto. This request would require this Court to look at what actions Rockford Auto took on September 7, 2011 to "dealer assign" title to Dad's Auto.

(Docket #1). The Court would have to compare these actions to the Defendants' assertion that Dad's Auto failed to sign the title until after the wreck, that Rockford Auto kept physical possession of the title until December 5, 2011, and that Dad's Auto and Rockford Auto otherwise failed to "effectuate a dealer-assignment until after the wreck." (Docket #6). These are not pure legal questions. Instead, Argonaut's requests would require this Court to engage in fact-finding mirrored by the state court actions. Accordingly, these factors weigh against this Court exercising its jurisdiction.

**II.     Race for *res judicata*.**

The third factor for this Court to consider is "whether the declaratory judgment action is motivated by 'procedural fencing' or likely to create a race for *res judicata*." *Flowers*, 513 F.3d at 558. If, as is the case here, the petition is filed after the state court action, the petitioner is given "the benefit of the doubt that no improper motive fueled the filing of this action." *Bituminous*, 373 F.3d at 814.

**III.    Increased friction between federal and state courts.**

The fourth factor for this Court to consider is whether accepting jurisdiction would increase friction between federal and state courts. "[T]he mere existence of a state court proceeding is not determinative of improper federal encroachment upon state jurisdiction." *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1067 (6th Cir. 1987). Instead, the Court analyzes three sub-factors.

First, this Court considers whether the state court's resolution of a factual issue is necessary to the district court's resolution of the declaratory judgment. *Flowers*, 513 F.3d at 560. As explained above, whether Rockford Auto properly dealer-assigned title to Dad's Auto is a factual issue. Furthermore, this issue has already been briefed and orally

argued before the Jefferson County Circuit Court.[1] (Docket #8, Ex. 1). For this Court to grant declaratory relief "will require making factual findings that might conflict with similar findings made by the state court." *Id.* Therefore, this sub-factor weighs against exercising jurisdiction.

Second, this Court must consider whether a federal or state court "is in a better position to resolve the issues in the declaratory action." *Id.* Kentucky state courts are "more familiar" with and "better able to resolve" questions of state law. *Bituminous*, 373 F.3d at 815. The primary issue to be declared is whether Rockford Auto dealer-assigned title in compliance with KRS 186A.215 and KRS 186A.220. These are Kentucky statutes which Kentucky state courts are in a better position to resolve. Therefore, this sub-factor also weighs against exercising jurisdiction.

Finally, this Court considers whether this case "implicates important state polices and is, thus, more appropriately considered in state court." *Flowers*, 513 F.3d at 561. There is a preference for allowing Kentucky courts to interpret Kentucky insurance policies. *Bituminous*, 373 F.3d at 815. As this case involves a Kentucky insurance policy, this sub-factor also weighs against exercising jurisdiction.

### IV.     Availability of an alternative remedy.

The fifth and final factor for this Court to consider is the availability of an alternative remedy. "Courts deny declaratory relief if an alternative remedy is better or more effective." *Grand Trunk*, 746 F.2d at 326. Kentucky courts allow a declaratory action to be heard, and as explained above, state courts are in a better position to resolve

---

[1] Argonaut's Response suggests that Jefferson County Circuit Court has already considered and denied Rockford Auto's motion to dismiss. (Docket #7) ("the Ellison family prevailed upon the state court not to dismiss Rockford Lane Auto Sales, Inc. in the state litigation . . .").

issues of state law. *Greenwich Ins. Co. v. Hall*, 2011 U.S. Dist. LEXIS 84614 *7 (E.D. Ky. 2011) ("even though the insurance company is not technically a party to, and the scope of the policy's coverage is not yet at issue in, the underlying state-court litigation, it is preferable for the state court to resolve the coverage dispute because it is 'in a superior position to resolve undecided questions of state law.'") (citation omitted).

V.     **Balancing.**

The Declaratory Judgment Act confers on district courts "'unique and substantial' discretion" in balancing these factors. *Flowers*, 513 F.3d at 563 (*quoting Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). With the exception of the third factor, all factors weigh against this Court exercising jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Docket #6) will be GRANTED.

A separate judgment and order shall issue.

cc:     Counsel