UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-00395-TBR

ARGONAUT-MIDWEST INSURANCE COMPANY                    Petitioner

v.

LAWRENCE JOHNSON, *et al*.                                          Defendants

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Petitioner's motion for reconsideration. (Docket #11).  Defendant has responded. (Docket #12).  Petitioner has replied.  (Docket #13).   These matters now are ripe for adjudication.   For the reasons that follow, Petitioner's motion for reconsideration (Docket #11) is DENIED.

BACKGROUND

The facts are discussed in more detail in this Court's memorandum opinion granting Defendant's motion to dismiss.  (Docket #9).  In short, the main issue before this Court is which person held legal title to a Silverado truck at the time it was involved in an accident.  Lawrence Johnson was driving the Silverado when it crossed the center line and struck a vehicle driven by Stacy Ellison, resulting in the death of Ellison.  (Docket #6, Ex. 3).  Johnson purchased the Silverado from Dad's Auto Sales, LLC ("Dad's Auto"), but legal title was not transferred to Johnson until after the accident.  Ellison's estate originally filed a lawsuit against Johnson and Dad's Auto.  (Docket #6, Ex. 2). Ellison's estate learned that title was arguably held by Rockford Lane Auto Sales, Inc. ("Rockford Auto"), which purchased the car at auction and allegedly dealer-assigned title

to Dad's Auto. (Docket #6). Ellison's estate filed a state action against Rockford Auto as the legal owner of the vehicle at the time of the accident. (Docket #6, Ex. 3).

Petitioner Argonaut-Midwest Insurance Company ("Argonaut") issued a general liability insurance policy to Rockford Auto. Argonaut has filed this petition for declaratory judgment seeking to declare Rockford Auto properly transferred title to Dad's Auto, thereby relieving Argonaut of any duty to defend or indemnify Johnson, or alternatively, to declare that Johnson was not entitled to full liability limits. (Docket #1).

This Court dismissed Argonaut's petition. (Docket #9). Among other reasons, the Court concluded it would be forced to decide issues which were before the state court. Argonaut has moved for reconsideration.

## STANDARD

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (*citing GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

"A motion under Rule 59(e) is not intended to be utilized to relitigate issues previously considered." *Foreman v. United States*, 2012 U.S. Dist. LEXIS 187012 *3 (W.D. Mich. 2012) (*citing Equal Emp't Opportunity Comm'n v. Argent Indus., Inc.*, 746 F. Supp. 705, 706 (S.D. Ohio 1989)). "Neither should it be used as a vehicle for submitting evidence which in the exercise of reasonable diligence could have been submitted before." *Id.* (*citing Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991)). "The grant or denial of a Rule 59(e) motion is within the informed

discretion of the district court, reversible only for abuse." *Huff v. Metro. Life Ins. Co.*,

675 F.2d 119, 122 (6th Cir. 1982).

## DISCUSSION

There are four grounds on which to base a motion for reconsideration. *Intera*

*Corp.*, 428 F.3d at 620. Argonaut argues that the second ground – newly discovered

evidence – applies in this case. (Docket #13). However, the only evidence Argonaut has

attached is a brief that Rockford Lane filed in state court in July, 2014. (Docket #13-1).

"To constitute 'newly discovered evidence,' the evidence must have been previously

unavailable." *Foreman*, 2012 U.S. Dist. LEXIS 187012 at *3. This brief was clearly

available when Ellison filed a motion to dismiss in this case (September, 2014) and

Argonaut responded to that motion (October, 2014). (Docket #7, 8).

Argonaut's only remaining argument is to readdress the five factors a court

considers under *Grand Trunk* in determining whether to exercise jurisdiction over a

dispute that is also pending in state court. *Grand Trunk W. R. R. Co. v. Consol. Rail Co.*,

746 F.2d 323, 326 (6th Cir. 1984). This Court has already considered those factors and

concluded they "weigh against this Court exercising jurisdiction." (Docket #9). "A

motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe*

*of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

## CONCLUSION

For the foregoing reasons, Petitioner's motion for reconsideration (Docket #11) is

DENIED.

cc:     Counsel